IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| **PAULA HORNE,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SOUTHEAST TENNESSEE DEVELOPMENT DISTRICT,**<br><br>**Defendant.** | ) | **Case No. 1:26-cv-00183**<br><br>**JURY DEMAND** |

# ANSWER TO COMPLAINT

Comes now Defendant, Southeast Tennessee Development District, by and through counsel, and in response to the Complaint filed in this matter on July 6, 2026, and served on Defendant on September 30, 2026, states the following:

## JURISDICTION & VENUE

1. Based on the allegations made in the Complaint, this action appears to involve the application of the Americans with Disabilities Act, as well as the Family and Medical Leave Act.

2. As asserted in the Complaint, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3. Based on the allegations as described in the Complaint, proper venue for this action lies within the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITE

4. While it is admitted that Plaintiff did file a Charge of Discrimination with the EEOC and received a Notice of Right Sue on April 9, 2026, a true and correct copy of which was attached to the Complaint in this matter as Exhibit A, it may not be the case that the allegations made in the Plaintiff's Charge are sufficient to satisfy the administrative prerequisites/all conditions precedent to the filing of this Complaint, such that this portion of Paragraph 4 of the Complaint is denied, and strict proof of the same is required.

## PARTIES

5. Upon information and belief, the allegations made in Paragraph 5 of the Complaint are admitted.

6. The allegations made in Paragraph 6 of the Complaint are admitted. For purposes of this Answer, the phrase "all relevant times" shall refer to the period of August – November 18, 2024.

7. The allegations made in Paragraph 7 of the Complaint are admitted.

8. The allegations made in Paragraph 8 of the Complaint are admitted.

9. The allegations made in Paragraph 9 of the Complaint are admitted.

10. The allegations made in Paragraph 10 of the Complaint are admitted.

## FACTUAL ALLEGATIONS

11. The allegations made in Paragraph 11 of the Complaint are denied, and strict proof of the same is required.

12. The allegations made in Paragraph 12 of the Complaint are denied, and strict proof of the same is required.

13. The allegations made in Paragraph 13 of the Complaint are denied, and strict proof of the same is required.

14. The allegations made in Paragraph 14 of the Complaint are denied.

15. The allegations made in Paragraph 15 of the Complaint are denied.

16. The allegations made in Paragraph 16 of the Complaint are denied.

17. The allegations made in Paragraph 17 of the Complaint are denied, and strict proof of the same is required. It is admitted that Plaintiff used annual leave for this date.

18. The allegations made in Paragraph 18 of the Complaint are denied, and strict proof of the same is required.

19. The allegations made in Paragraph 19 of the Complaint are denied, and strict proof of the same is required.

20. The allegations made in Paragraph 20 of the Complaint are denied, and strict proof of the same is required.

21. The allegations made in Paragraph 21 of the Complaint are denied, and strict proof of the same is required.

22. The allegations made in Paragraph 22 of the Complaint are denied, and strict proof of the same is required.

23. The allegations made in Paragraph 23 of the Complaint are denied, and strict proof of the same is required.

24. The allegations made in Paragraph 24 of the Complaint are denied, and strict proof of the same is required.

25. The allegations made in Paragraph 25 of the Complaint are denied, and strict proof of the same is required.

26. The allegations made in Paragraph 26 of the Complaint are denied, and strict proof of the same is required.

27. The allegations made in Paragraph 27 of the Complaint are denied, and strict proof of the same is required.

28. With the omission of the word "allegedly," the allegations made in Paragraph 28 of the Complaint are admitted.

29. The allegation made in Paragraph 29 of the Complaint that Plaintiff was "unlawfully terminated" during the period described in Paragraph 29 is denied, and strict proof of the same is required.

30. The allegations made in Paragraph 30 of the Complaint are denied, and strict proof of the same is required.

31. The allegations made in Paragraph 31 of the Complaint are admitted.

32. The allegations made in Paragraph 32 of the Complaint are denied, and strict proof of the same is required.

33. The allegations made in Paragraph 33 of the Complaint are admitted.

34. The allegations made in Paragraph 34 of the Complaint are denied, and strict proof of the same is required.

35. The allegations made in Paragraph 35 of the Complaint are denied, and strict proof of the same is required.

36. The allegations made in Paragraph 36 of the Complaint are denied, and strict proof of the same is required. Plaintiff did state that she was going to go to her doctor.

37. The allegations made in Paragraph 37 of the Complaint are denied, and strict proof of the same is required.

38. The allegations made in Paragraph 38 of the Complaint are denied, and strict proof of the same is required.

39. The allegations made in Paragraph 39 of the Complaint are denied, and strict proof of the same is required.

40. The allegations made in Paragraph 40 of the Complaint are denied, and strict proof of the same is required.

41. The allegations made in Paragraph 41 of the Complaint are denied, and strict proof of the same is required.

42. The allegations made in Paragraph 42 of the Complaint are denied, and strict proof of the same is required.

43. The allegations made in Paragraph 43 of the Complaint are denied, and strict proof of the same is required.

## COUNT I -- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (DISABILITY DISCRIMINATION)

44. The responses regarding the foregoing Paragraphs of the Complaint are incorporated herein.

45. The allegations made in Paragraph 45 of the Complaint are denied, and strict proof of the same is required.

46. The allegations made in Paragraph 46 of the Complaint are denied, and strict proof of the same is required.

47. The allegations made in Paragraph 47 of the Complaint are denied, and strict proof of the same is required.

48. The allegations made in Paragraph 48 of the Complaint are denied, and strict proof of the same is required.

49. The allegations made in Paragraph 49 of the Complaint are denied, and strict proof of the same is required.

50. The allegations made in Paragraph 50 of the Complaint are denied, and strict proof of the same is required.

51. The allegations made in Paragraph 51 of the Complaint are denied, and strict proof of the same is required.

**COUNT II -- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS)**

52. The responses regarding the foregoing Paragraphs of the Complaint are incorporated herein.

53. The allegations made in Paragraph 53 of the Complaint are denied, and strict proof of the same is required.

54. The allegations made in Paragraph 54 of the Complaint are denied, and strict proof of the same is required.

55. The allegations made in Paragraph 55 of the Complaint are denied, and strict proof of the same is required.

56. It is not clear what time period is being described in Paragraph 56 of the Complaint. Accordingly, the allegations made in Paragraph 56 of the Complaint are denied, and strict proof of the same is required.

57. The allegations made in Paragraph 57 of the Complaint are denied, and strict proof of the same is required.

58. The allegations made in Paragraph 58 of the Complaint are denied, and strict proof of the same is required.

59. The allegations made in Paragraph 59 of the Complaint are denied, and strict proof of the same is required.

## COUNT III -- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (FAILURE TO ACCOMMODATE)

60. The responses regarding the foregoing Paragraphs of the Complaint are incorporated herein.

61. The allegations made in Paragraph 61 of the Complaint are denied, and strict proof of the same is required.

62. The allegations made in Paragraph 62 of the Complaint are denied, and strict proof of the same is required.

63. The allegations made in Paragraph 63 of the Complaint are denied, and strict proof of the same is required.

64. It is not clear what time period is being described in Paragraph 64 of the Complaint. Accordingly, the allegations made in Paragraph 64 of the Complaint are denied, and strict proof of the same is required.

65. The allegations made in Paragraph 65 of the Complaint are denied, and strict proof of the same is required.

66. The allegations made in Paragraph 66 of the Complaint are denied, and strict proof of the same is required.

67. The allegations made in Paragraph 67 of the Complaint are denied, and strict proof of the same is required.

68. The allegations made in Paragraph 68 of the Complaint are denied, and strict proof of the same is required.

69. The allegations made in Paragraph 69 of the Complaint are denied, and strict proof of the same is required.

**COUNT IV -- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (RETALIATION)**

70. The responses regarding the foregoing Paragraphs of the Complaint are incorporated herein.

71. While the restatement of 42 U.S.C. § 12203(a) made in Paragraph 71 of the Complaint is accurate, it is denied that this provision of the ADAAA has been violated by Defendant regarding Plaintiff as described in the Complaint, and strict proof of the same as required.

72. The allegations made in Paragraph 72 of the Complaint are denied, and strict proof of the same is required.

73. The allegations made in Paragraph 73 of the Complaint are denied, and strict proof of the same is required.

74. The allegations made in Paragraph 74 of the Complaint are denied, and strict proof of the same is required.

75. The allegations made in Paragraph 75 of the Complaint are denied, and strict proof of the same is required.

76. The allegations made in Paragraph 76 of the Complaint are denied, and strict proof of the same is required.

77. The allegations made in Paragraph 77 of the Complaint are denied, and strict proof of the same is required.

78. The allegations made in Paragraph 78 of the Complaint are denied, and strict proof of the same is required.

79. The allegations made in Paragraph 79 of the Complaint are denied, and strict proof of the same is required.

**COUNT V -- VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT (INTERFERENCE)**

80. The responses regarding the foregoing Paragraphs of the Complaint are incorporated herein.

81. The allegations made in Paragraph 81 of the Complaint are admitted.

82. As of August of 2024, the allegations made in Paragraph 82 of the Complaint were true.

83. While Plaintiff ultimately provided medical certification indicating she qualified for FMLA leave under 29 U.S.C. § 2612(1), she did not provide this certification until mid-September of 2024.

84. The allegations made in Paragraph 84 of the Complaint are denied, and strict proof of the same is required.

85. The allegations made in Paragraph 85 of the Complaint are denied, and strict proof of the same is required.

86. The allegations made in Paragraph 86 of the Complaint are denied, and strict proof of the same is required.

87. The allegations made in Paragraph 87 of the Complaint are denied, and strict proof of the same is required.

88. The allegations made in Paragraph 88 of the Complaint are denied, and strict proof of the same is required.

**COUNT VI -- VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT (RETALIATION)**

89. The responses regarding the foregoing Paragraphs of the Complaint are incorporated herein.

90. The allegations made in Paragraph 90 of the Complaint are admitted.

91. As of August of 2024, the allegations made in Paragraph 91 of the Complaint were true.

92. The allegations made in Paragraph 92 of the Complaint are denied, and strict proof of the same is required.

93. The allegations made in Paragraph 93 of the Complaint are denied, and strict proof of the same is required.

94. The allegations made in Paragraph 94 of the Complaint are denied, and strict proof of the same is required.

95. Defendant denies that Plaintiff is entitled to any of the relief sought per the "Wherefore" section of the Complaint, and strict proof of the same is required.

96. Any and all allegations made in the Complaint which have not been specifically admitted or denied heretofore are here and now denied, just as those specifically denied above.

## AFFIRMATIVE DEFENSES

97. Plaintiff has failed to state a claim upon which relief can be granted.

98. While Defendant denies that Plaintiff has suffered any damages due to Defendant's conduct as alleged, even if she does have any such damages as alleged, Defendant reserves the right to show that Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own conduct, and that any damages which Plaintiff allegedly has sustained would have been sustained regardless of any alleged act of Defendant.

99. Even if Plaintiff had damages, as alleged, which is denied, Defendant reserves the right to show that Plaintiff has failed to mitigate her alleged damages and thus is precluded from recovering some or all such damages.

100. Defendant never authorized, ratified, or participated in any unlawful conduct involving Plaintiff relating to her disability discrimination or retaliation claims during the period relevant to this lawsuit.

101. Pleading in the alternative, to the extent Plaintiff is able to prove that any improper motive was a motivating factor in any relevant employment decision(s) made by Defendant regarding her disability discrimination or retaliation claims, (which is hereby specifically denied), Defendant submits that it would have made the same employment decision(s) regarding Plaintiff regardless of any alleged improper motive.

102. All actions relevant to this lawsuit engaged in by Defendant or any of its employees concerning Plaintiff were made in good faith.

103. Plaintiff's termination was based on a legitimate, non-retaliatory, non-discriminatory, reason and was not motivated by any retaliatory or discriminatory intent against Plaintiff.

104. Plaintiff's employment was at-will, and, as such, either party could terminate her employment relationship at any time, with or without cause.

105. Defendant's alleged conduct was not the proximate cause or cause-in-fact of Plaintiff's alleged injuries or damages.

106. Plaintiff's claims are barred, in whole or in part, by her own improper and/or unsatisfactory conduct.

107. Defendant reserves the right to show that Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, estoppel and/or waiver.

108. Plaintiff is not entitled to recover liquidated damages as a matter of fact or law based on the allegations made in the Complaint.

109. Pleading in the alternative and while denying that Plaintiff was subjected to unlawful FMLA interference or retaliation by Defendant, to the extent Plaintiff is able to prove that she was subjected to such unlawful conduct by one or more of Defendant's managerial agents, such action(s) were contrary to Defendant's good faith efforts to comply with applicable statutes and regulations and to prevent and correct any violations of such statutes and regulations so as to avoid such unlawful conduct, such that Plaintiff is not entitled to any award of liquidated damages.

110. Plaintiff is not entitled to recover emotional or other compensatory damages as a matter of fact or law based on the allegations made in the Complaint.

111. Plaintiff is not entitled to recover punitive damages as a matter of fact or law based on the allegations made in the Complaint.

112. Plaintiff's claims are barred, in whole or in part, by her election of remedies.

113. Plaintiff may have failed to complete the administrative prerequisites of filing a disability discrimination and/or retaliation claim under the Americans with Disabilities Act.

114. Defendant reserves the right to show that Plaintiff's claims are barred to the extent they involve transactions or events, or seek damages for periods, outside the applicable statutes of limitations.

115. Defendant's conduct was not willful or malicious.

116. Defendant presently is without sufficient information as to the availability and applicability of other defenses in addition to those pled above, and reserves the right to amend this Answer to plead additional defenses or matters of avoidance required by Rule 8 of the *Federal Rules of Civil Procedure* which may be revealed as discovery progresses.

**WHEREFORE**, Defendant prays as follows:

a. That the Complaint be dismissed with prejudice, with costs taxed to Plaintiff;

b. That Defendant recover its discretionary costs incurred herein;

c. That Defendant recover its reasonable attorneys' fees and other expenses incurred herein; and

d. That the Court award Defendant such other relief as it deems just and proper under the circumstances of this case.

Respectfully submitted,

**MILLER & MARTIN PLLC**

By: /s/ Stacie L. Caraway
Stacie L. Caraway BPR No. 17287
Stacie.Caraway@millermartin.com
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
Telephone: (423) 756-6600
Facsimile: (423) 785-8480

Attorneys for Defendant, Southeast Tennessee Development District

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system. Since this is the first pleading which is being electronically filed in this matter, Defendant's counsel is also providing a courtesy copy to Plaintiff's counsel via regular U.S. Mail with sufficient postage affixed thereto to ensure delivery upon such counsel at the following address, which was provided on the Complaint in this matter.

THE EMPLOYMENT & COMMERCE LAW GROUP
Brandon Hall
1625 Broadway, Suite 601
Nashville, TN 37203

By: /s/ Stacie L. Caraway