IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| **PAULA HORNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-00183** |
| | ) | |
| **SOUTHEAST TENNESSEE DEVELOPMENT DISTRICT,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

# PARTIES' DISCOVERY PLANNING REPORT

Pursuant to *Federal Rule of Civil Procedure* Rule 26(f) and this Court's October 21, 2026 Order (Doc. 15), the parties, by and through their respective counsel of record, engaged in a discovery planning conference on November 3, 2026, and agreed to the following:

**1. Three (3) Agreed upon Potential Trial Dates**

February 15, 2028, February 8, 2028, or February 1, 2028

**2. Anticipated Length of Trial**

The parties anticipate the length of this jury trial to be three to four (3 to 4) days.

**3. Initial Disclosures**

The parties have agreed to exchange the information required by *Federal Rule of Civil Procedure* Rule 26(a)(1) on or before December 16, 2026.

**4. Subjects on Which Discovery Will Be Needed**

Discovery will be needed on the following general subjects: (a) basis of the Complaint; (b) Plaintiff's alleged damages; and (c) Defendant's defenses regarding (a) and (b). The parties are

not aware of any need for discovery to be conducted in phases or otherwise limited or focused during certain time periods upon particular issues. As such, discovery will be conducted within the timeframes ordered by this Court.

**5. Any Issues Related to the Disclosure, Discovery, or Preservation of Electronically-Stored Information, Including the Form or Forms in Which It Should Be Produced**

The parties are not aware of any issues related to disclosure or discovery of electronically-stored information, including the form or forms in which it should be produced. The parties agree to make reasonable efforts to preserve e-mails, computer files, and other electronic data with respect to the subject matter of this action and to produce any properly requested electronic data, assuming such data is not protected by the work-product doctrine and/or the attorney-client privilege or otherwise objectionable. Unless the parties otherwise agree, any ESI exchanged will be produced either in (a) native format, (b) searchable PDF, or (c) paper format. The parties will work together to establish a mutually agreeable and more detailed ESI protocol if necessary. The parties agree to cooperate to limit the cost and time required in making such electronic discovery exchanges and currently anticipate that disclosure or production will be limited to data reasonably available to them in the ordinary course of business. The parties do not currently anticipate any unique issues in connection with electronic or other computer-based discovery.

**6. Issues Related to Claims of Privilege**

The parties do not currently anticipate any unique issues concerning privilege. To the extent disputes concerning documents covered by privilege arise, the parties agree to make a good-faith effort to resolve such disputes prior to filing a discovery motion with the Court.

**7. Changes in the Limitations on Discovery Set by the Rules of Civil Procedure**

The Plaintiff's deposition may need to be longer than seven (7) hours. If this is the case, one individual deposition regarding Defendant also will be permitted to last longer than seven (7) hours as needed. Based on how much beyond seven (7) hours each of these respective depositions is anticipated to last (i.e., more than an hour), time will be held on the day following the scheduling of each of them in which to finish each of them. Both parties agree to make a good faith effort to finish all depositions within seven (7) hours, and the above provision shall not preclude either party from seeking a protective order should any deposition violate Rule 30(d)(3)(A).

**8. Other Orders under Federal Rule of Civil Procedure 26(c) or 16(b) or (c)**

The parties agree to address the need for protective orders as the need arises and to make a good-faith effort to resolve any such matters amicably before seeking Court intervention.

**9. Settlement Possibilities**

The possibility of settlement is unknown at this time.

Dated this 11th day of November, 2026.

**AGREED TO FOR ENTRY BY:**

**THE EMPLOYMENT & COMMERCE LAW GROUP**

By: /s/ G. Brandon Hall
G. Brandon Hall BPR No. 34027
bhall@eclaw.com
1625 Broadway, Suite 601
Nashville, TN 37203
Telephone: (615) 850-0632

*Attorney for Plaintiff Paula Horne*

-and-

**MILLER & MARTIN PLLC**

By: /s/ Stacie L. Caraway
Stacie L. Caraway BPR No. 17287
Stacie.Caraway@millermartin.com
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
Telephone: (423) 756-6600

*Attorney for Defendant,*
*Southeast Tennessee Development District*